UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JULIAN G. SHARP                                                        PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:13CV-1222-S

KENTUCKY MOTOR SERVICE, INC.                             DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Julian G. Sharp ("Sharp"), for remand of this civil rights action to the Jefferson County, Kentucky, Circuit Court (DN 8).

Sharp filed suit against Kentucky Motor Service, Inc. alleging that it discriminated against him on the basis of his age.

A non-party to the action, Wilcox Auto Parts, Inc., has removed the case to this court under our federal question jurisdiction. Without citation to any authority, Wilcox explains that Kentucky Motor Services, Inc., the named defendant, was not Sharp's employer, and that it has appeared and answered on behalf of Kentucky Motor Service, Inc., for purposes of judicial economy and to avoid protracted discovery over the appropriate entity.

However, as stated in *Newman and Cahn, LLP v. Sharp*, 388 F.Supp.2d 115 (E.D.N.Y. 2005), "a non-party has no authority to seek removal under the removal statutes. *See* 28 U.S.C. § 1441, 1446(a). Similarly, an individual that claims to be a real party in interest has no authority to seek removal. The statutes that provide authority to remove actions to federal court only allow for removal 'by the defendant or defendants.' *id.;* [additional citations omitted]."

While the court need not require a futile act; that is, a trip back to state court which might ultimately lead to re-removal, under the circumstances of this case, we find remand to be the prudent course. Sharp could accept Wilcox's assertion that it is the real party in interest, but Sharp is not obliged to do so. Sharp has not agreed to accept Wilcox's affidavit at face value. Rather, he seeks limited discovery to address the ground for removal, should the court entertain the notion that a non-party may remove on an assertion of "judicial economy."

The court will not retain this action on the docket in order for the plaintiff to conduct jurisdictional discovery in connection with a facially improper removal. The matter will therefore be remanded to the Jefferson Circuit court.

A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 12, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**